

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMH:LM
F. #2021R00204

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 30, 2022

<u>By ECF and E-mail</u>

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Tyquan Robinson
             <u>Criminal Docket No. 21-128 (PKC)</u>

Dear Judge Chen:

      The government respectfully submits this letter in advance of the defendant Tyquan Robinson's sentencing. As set forth below, a sentence within the applicable U.S. Sentencing Guidelines ("Guidelines") range of 30 to 37 months would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

I.      <u>Factual Background</u>

      The detailed facts underlying this case are described in the Presentence Investigation Report ("PSR"), dated August 31, 2022, which the government summarizes here for the Court's convenience.

      At around 2:30 p.m. on December 4, 2020, video surveillance captures the defendant apparently exchanging words with an occupant of a silver sedan in the East New York section of Brooklyn, New York. (PSR ¶ 4.) The vehicle is stopped at the intersection of Van Siclen and Stanley Avenue. (<u>Id.</u>) Moments before this exchange, an unidentified individual handed the defendant an object which he placed in his right coat pocket. (<u>Id.</u>) As seen on video, people are walking up and down the sidewalk or in the crosswalk, going about their business. The streets are busy with mid-day vehicle traffic. Though the silver sedan had a green light, the driver stops and rolls down the window, as a column of five other vehicles line-up behind the silver sedan. Opposite the defendant and beyond the silver sedan are commercial establishments including a grocery store and a deli.

      The defendant walks past the silver sedan to the opposite sidewalk of Van Siclen Avenue, and a black vehicle maneuvers around the silver sedan into the intersection, while

vehicles continue to drive southbound on Van Siclen between the defendant and the silver sedan. Then, from across Van Siclen, the defendant raises his arm and fires two shots toward the silver sedan and across the lane of traffic. (Id.)  The defendant then turns and walks away through a nearby building before breaking into a run as New York City Police Officers ("NYPD") arrive on scene and give chase.  (Id.)  Officers recovered two .32 caliber shell casings from nearby the site of the shooting, which were confirmed to have been manufactured outside New York. (Id. ¶ 5.)  Analysis of the shell casings revealed they were manufactured in South Korea.  (Id. ¶ 6.)

The defendant was arrested on February 25, 2021, after he was identified from video of the shooting by NYPD investigators and his parole officer.  (Id. ¶¶ 5, 9.)  The firearm was never recovered.

II.     Procedural Background

The defendant was arrested on February 25, 2021 and the Honorable Vera M. Scanlon, United States Magistrate Judge, entered a permanent order of detention on February 26, 2021.  (Dkt No. 21-MJ-194, ECF No 5.)  On March 10, 2021, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with possessing ammunition as a prohibited person due to his felony conviction(s) in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2) (the "Indictment").  (ECF No. 7.)  After a series of bail hearings before Your Honor, the defendant was released on May 5, 2021, with conditions, (ECF No. 11), which conditions the Court has periodically modified.  The defendant is currently on bond.

On May 19, 2022, the defendant pleaded guilty to the sole count of the Indictment pursuant to a plea agreement.  (Minute Entry dtd May 19, 2022.)

III.    Applicable Law

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable [U.S. Sentencing Guidelines ("Guidelines")] range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [it] may not presume that the Guidelines range is reasonable.  [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).  Title 18, United States Code, Section 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

2

    (B) to afford adequate deterrence to criminal conduct; [and]

    (C) to protect the public from further crimes of the defendant.

  Section 3553 also recognizes the need to afford the defendant opportunities for rehabilitation. See 18 U.S.C. § 3553(a)(2)(D). Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence. The district court must also "remain cognizant of them throughout the sentencing process." Gall, 552 U.S. at 50 n.6.

IV. Sentencing Calculation

  The government agrees with the Guidelines calculation set forth in the PSR. (PSR ¶¶ 13-23.) Probation calculated the adjusted offense level as 15 and the defendant's Criminal History Category as IV, which together carry a Guidelines range of 30 to 37 months' imprisonment. (Id. ¶¶ 30; 59.)

V. Analysis

  Here, the Guidelines range of 30 to 37 months' incarceration appropriately reflects the defendant's offense conduct, his history of criminal weapons possession, and the significant danger that unchecked gun violence presents to the community.

  A. The Nature and Circumstances of the Offense

  A sentence within the Guidelines range would reflect the serious nature of the instant offense. See 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A). The defendant flagrantly put the lives of his intended victim, and many other New Yorkers, at great risk when he fired into a busy intersection at mid-day. By his actions, which could have killed or seriously injured a bystander, the defendant demonstrated that he poses a profound danger to the community. As the Second Circuit observed in affirming a district court's significant sentence for a firearms-trafficking offense, a "significant number of New Yorkers, many of them children . . . are regularly injured by random gunfire." United States v. Cavera, 550 F.3d 180, 207-08 (2d Cir. 2008); see also id. n.14 (collecting news stories of individuals killed or injured by stray bullets).

  There is nothing to justify or excuse the defendant's crime, and there is an overriding interest in punishing firearms offenses, which are a scourge in this District's communities. The circumstances of this crime warrant serious sanction.

  B. The Defendant's Criminal History is Extensive

  A sentence within the Guidelines range would also reflect the defendant's criminal history which includes two prior offenses involving firearms. On March 29, 2016, the defendant was convicted of criminal possession of a loaded firearm in the second degree, a Class C felony in New York State, for which he was sentenced to 42 months' incarceration. After he was arrested for this conviction, but prior to being sentenced, the defendant was again arrested on October 6, 2015, for possessing two loaded firearms in Brooklyn, New York, and was also

found carrying a forged financial instrument. He ultimately pleaded guilty on April 19, 2017, to criminal possession of the forged instrument, and was sentenced on June 26, 2017, to two years' incarceration and post-release supervision.

The defendant was on parole for the March 29, 2016, conviction when he committed the instant offense. (PSR ¶ 29.)

    C.    Affording Deterrence and Protecting the Public

Finally, the Court should consider the need for this sentence to promote respect for the law and to afford adequate deterrence not just to the defendant, but also others contemplating similar acts. See 18 U.S.C. § 3553(a)(2)(B). Though the defendant was initially sentenced to 42 months for his 2016 firearm conviction, he was released to parole by September 2018. Shorter sentences imposed in past cases have failed to deter the defendant from continuing to violate the law, and the current crime indicates an escalation from merely possessing a firearm. The defendant has now demonstrated a willingness to dangerously and criminally use one, too. He has shown through his repeated violation of the law that a sentence within the guidelines range is necessary to protect the public.

Further, and beyond deterring this defendant, a meaningful penal consequence is necessary to counter the gun violence that continues to threaten everyday New Yorkers.

VI.    Conclusion

For the foregoing reasons, the government submits that a sentence within the applicable Guidelines range of 30 to 37 months' imprisonment is appropriate.

                              Respectfully submitted,

                              BREON PEACE
                              United States Attorney

                By:    /s/ Lorena Michelen
                              Lorena Michelen
                              Vincent J. Mazzurco
                              Assistant U.S. Attorneys
                              (718) 254-6475

cc:    Clerk of the Court (PKC)
        Montell Figgins, Esq., counsel for the defendant
        Douglas Mitchell, Esq., counsel for the defendant
        U.S. Probation (by E-mail)